UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD ) <br> 1712 Eye Street NW ) <br> Suite 915 ) <br> Washington, DC 20006 ) <br> ) <br> PLANITIFF, ) <br> ) <br> v. ) <br> ) <br> NATIONAL SECURITY AGENCY ) <br> 9800 Savage Road ) <br> Fort Meade, MD 20755 ) <br> ) <br> DEFENDANT. ) <br> ) | Judge _____ <br><br> Civil Action No. _____ |

# COMPLAINT

## THE PARTIES

1.  Plaintiff Jason Leopold is a citizen of California.

2.  Mr. Leopold is a senior investigative reporter for *Vice News.* Mr. Leopold covers Guantanamo, national security, counterterrorism, civil liberties, human rights and open government. In addition to his role at *Vice News,* his reporting has appeared in *The Nation, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times* and numerous other domestic and international publications.

3.  The National Security Agency ("NSA" or "Agency") is an agency of the United States. The NSA has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

4.  This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§552.

5. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. §552(a)(4)(B).

6. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

7. NSA is involved in national security, intelligence-gathering and cryptology.

8. NSA's Office of Inspector General (OIG) has the authority to conduct inspections, audits, investigations, special inquiries, and other reviews of the programs and operations of NSA.

9. The public has an interest in the management, programs and operations of government agencies, including the NSA.

### PLAINTIFF'S FOIA REQUESTS

### REQUEST ONE: CASE NO. 79204

10. On September 20, 2014, Plaintiff Leopold submitted a FOIA request to NSA seeking the "disclosure from the NSA Office of Inspector General a copy of the concluding document (report of investigation, final report, closing memo, referral letter) concerning investigations closed in calendar year 2013 and 2014 concerning misconduct, actual or alleged."

11. In a letter dated September 23, 2014, NSA assigned Plaintiff's request Case Number 79204.

12. On September 26, 2014, Plaintiff resubmitted his FOIA request for disclosure of "a copy of the concluding document (report of investigation, final report, closing memo, referral

letter) concerning investigations closed in calendar year 2013 and 2014 concerning ONLY findings of misconduct."

13.     More than twenty business days have passed since Plaintiff resubmitted his FOIA request number 79204. NSA has not made a determination whether to disclose the requested information.

14.     In a letter dated February 15, 2016[1], NSA notified Plaintiff that it denied his request for a fee waiver in Case Number 79204.

### REQUEST TWO: CASE NO. 79825

15.     On November 30, 2014, Plaintiff submitted a FOIA request to NSA for "copies of Semi-Annual Reports for the past 11 years." NSA assigned this Case Number 79825.

16.     More than twenty business days have passed since NSA's receipt of the request in Case Number 79825. NSA has not made a determination whether to disclose the requested records.

17.     By email message dated October 11, 2016, NSA informed Plaintiff that its estimated completion date on this request would be December 2018.

### REQUEST THREE: CASE NO. 85643

18.     On October 6, 2016, Plaintiff made a FOIA request to NSA for any "concluding document (report of investigation, final report, closing memo, referral letter) concerning all investigations conducted and closed in calendar years 2015 and 2016 thus far concerning any and all misconduct, actual or alleged." NSA acknowledged receipt of Plaintiff's FOIA request on October 7, 2016 and assigned it Case Number 85643.

19.     More than twenty business days have passed since NSA's October 7, 2016

---

[1] NSA dated its letter to Plaintiff February 15, 2016. This appears to be clerical error – the letter was drafted on or around September 5, 2016.

acknowledgement of the request. NSA has not made a determination whether to disclose the requested information.

### NSA'S FAILURE TO RESPOND TO PLAINTIFF'S FOIA REQUESTS

20. NSA's response to Case Number 79204 was due twenty business days after it's receipt of Plaintiff's September 26, 2014 amendment, or Monday, October 27, 2014.

21. Under 5 USC §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to Case No. 79204 because NSA has failed to comply with the statutory time limit.

22. NSA's response to Case Number 79825 was due twenty business days after its receipt of the November 30, 2014 request or about December 29, 2014.

23. Under 5 USC §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to Case Number 79825 because NSA has failed to comply with the statutory time limit.

24. NSA's response to Case Number 85643 was due twenty business days after its October 7, 2016 acknowledgment, or November 7, 2016.

25. Under 5 USC §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to Case Number 85643 because NSA has failed to comply with the statutory time limit.

### COUNT I:
### VIOLATION OF FOIA

26. Plaintiffs re-allege and incorporate by reference Paragraphs 1-25 above.

27. Each of the documents referred to in this complaint is incorporated here by reference.

32. Defendant has violated FOIA by failing to timely respond with records responsive

to Plaintiff's FOIA requests as described herein.

33. Plaintiffs have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order a search for the records as described in Plaintiff's FOIA requests described herein;

(3) Order a release of improperly withheld records as described herein.

(4) Grant Plaintiffs an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E)(i).

(5) Grant Plaintiff such other and further relief that this Court deems appropriate.

Dated: November 14, 2016

Respectfully Submitted,

   /s/ Joseph Creed Kelly
Joseph Creed Kelly [DC 980286]
Law Office of Joseph Creed Kelly
1712 Eye Street NW
Suite 915
Washington, DC 20006
Ph/Fx: (202) 540-9021
jck@jcklegal.com

*Counsel for Plaintiff*